JOHN W. HUBER, United States Attorney (#7226)
JACOB J. STRAIN, Assistant United States Attorney (#12680)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800 • Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682

SEALED 

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, NORTHERN DIVISION

| UNITED STATES OF AMERICA, | **INDICTMENT** |
|---|---|
| Plaintiff, | Count 1: 18 U.S.C. § 1014 (False Statement to a Bank) |
| vs. | |
| CHARLIE JAMES WISCAVER, | Case: 1:20-cr-00103<br>Assigned To : Benson, Dee<br>Assign. Date : 11/4/2020<br>Description: |
| Defendant. | |

**Count 1**
**18 U.S.C. § 1014 and 2(b)**
**(False Statement to a Bank)**

1.  On or about April 4, 2020, in the Northern Division of the District of Utah and elsewhere,

**CHARLIE JAMES WISCAVER,**

defendant herein, knowingly made and caused to be made a false statement listed below for the purpose of influencing the action of Goldenwest Credit Union ("GCU"), the deposits of which were then federally insured, in connection with a PPP loan application for his business Semper Fi Satellite for approximately $64,980.00, in that defendant WISCAVER falsely stated and caused to be falsely stated:

   a.  Defendant WISCAVER, as 100% owner of Semper Fi Satellite, had not been

  convicted of a felony within the last five years; when in fact, he had;

b.  Defendant WISCAVER, as 100% owner of Semper Fi Satellite, was not the subject of an indictment, criminal information, arraignment, or other means by which formal criminal charges are brought in any jurisdiction; when in fact, he had been charged in state court with a felony and was on pretrial release waiting for a jury trial;

c.  Semper Fi Satellite had 5 paid employees as reported on Form(s) 1099-MISC; when in fact, it had none;

d.  Semper Fi Satellite had an average monthly payroll of $25,992; when in fact, it had no monthly payroll;

e.  The purpose of the loan was to cover Semper Fi Satellite's payroll, lease/mortgage interest, and utilities; when in fact, defendant WISCAVER used the loan money for other purposes and for his own personal benefit; and

f.  Semper Fi Satellites had been in operation on February 15, 2020; when in fact, it was not registered with Utah Department of Commerce until May 5, 2020.

All in violation of 18 U.S.C. § 1014 and 18 U.S.C. § 2(b).

//

//

//

//

//

//

//

//

//

//

//

//

## NOTICE OF INTENT TO SEEK FORFEITURE

Pursuant to 18 U.S.C. § 982(a)(2)(A), upon conviction of any offense in violation of 18 U.S.C. § 1014, the defendant shall forfeit to the United States of America any property, real or personal, involved in such violations, and any property traceable to such property. The property to be forfeited includes, but is not limited to:

- A money judgment equal to the value of all property not available for forfeiture as a result of any act or omission of the defendant for one or more of the reasons listed in 21 U.S.C. § 853(p); and

- Substitute property as allowed by 18 U.S.C. § 982(b) and 21 U.S.C. § 853(p).

A TRUE BILL:

_____/s/_____
FOREPERSON OF THE GRAND JURY

JOHN W. HUBER
United States Attorney

/s/ JACOB J. STRAIN
JACOB J. STRAIN
Assistant United States Attorney